UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL ROBERTS,

    Plaintiff,

v.                                          Case No. 1:22-cv-134-AW/MJF

GAINESVILLE POLICE DEPARTMENT
and ALACHUA COUNTY SHERIFF
OFFICE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff Michael Roberts has failed to prosecute this action and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On June 22, 2022, Roberts, a pretrial detainee proceeding *pro se*, initiated this action, apparently alleging that Defendants intentionally omitted exculpatory evidence from the affidavit used to secure an arrest warrant in Roberts's pending criminal proceeding in state court. Doc. 1 at 5. On June 27, 2022, because Roberts's complaint was deficient in several respects, United States Magistrate Judge Gary R. Jones ordered Roberts to file a notice of voluntary dismissal or an amended complaint. Doc. 4. Judge Jones imposed a deadline of July 25, 2022 to comply. Judge

Jones warned Roberts that his failure to comply with the order likely would result in dismissal of this action for failure to comply with a court order and failure to prosecute. Roberts failed to comply with the order.

On August 5, 2022, after this case was reassigned to the undersigned, the undersigned ordered Roberts to explain and show cause why he failed to comply with Judge Jones's order of June 27, 2022. Doc. 7. The undersigned imposed a deadline of August 26, 2022 to comply. The undersigned warned Roberts that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim upon which relief can be granted.

On August 15, 2022, Roberts responded to the undersigned's show-cause order. Doc. 8. In his response, Roberts provided no justification for his failure to file a notice of dismissal or an amended complaint, in accordance with Judge Jones's order. Instead, Roberts requested video "footage" from a camera at his apartment and that the undersigned dismiss Roberts's pending state criminal charges.

On August 18, 2022, although Roberts failed to explain and show cause for his failure to comply with Judge Jones's order, the undersigned *sua sponte* granted Roberts a short extension of the deadline to file a notice of voluntary dismissal or an amended complaint. Doc. 9. The undersigned imposed a deadline of September 8, 2022 to comply. The undersigned again warned Roberts that his failure to comply

with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim upon which relief can be granted. Roberts did not comply with that order.

On September 15, 2022, the undersigned again ordered Roberts to explain and show cause why he failed to comply with the undersigned's order of August 18, 2022. Doc. 12. The undersigned imposed a deadline of October 6, 2022 to comply. The undersigned again warned Roberts—for a third time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to state a claim upon which relief can be granted.

On September 13, 2022, Roberts filed a "Motion for Leave to Amend Pleading." Doc. 13. Although Roberts indicated that he attached a proposed amended complaint to his motion, he failed to do so.

On September 21, 2022, the undersigned denied Roberts's motion because he failed to attach a complete copy of his proposed amended complaint. Doc. 14. Then—for a second time—the undersigned *sua sponte* gave Plaintiff's "**one final opportunity**" to comply with the undersigned's order of August 18, 2022. The undersigned imposed a deadline of October 12, 2022. The undersigned again warned Roberts—for a fourth time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court,

failure to prosecute, and failure to state a claim upon which relief can be granted. As of the date of this report and recommendation, Roberts has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the

Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On June 27, 2022, Judge Jones ordered Roberts to file a notice of voluntary dismissal or an amended complaint. Doc. 4. Despite having *four months* to comply with that order, Roberts has failed to do so. He also has not complied with the undersigned's orders to show cause. For these reasons, this action should be dismissed without prejudice.[1]

### III. CONCLUSION

Because Roberts has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 27th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

---

[1] Two orders issued by the undersigned were returned to the clerk of the court as "undeliverable." Docs. 15, 16. But that does not alter the undersigned's recommendation. Roberts is responsible for keeping this court apprised of his current address, and his failure to do so here further evidences his failure to prosecute this action.

## **NOTICE TO THE PARTIES**

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**